## Dutton Estate

*Ottis W. Erisman,* of *Truscott & Erisman,* for accountant.

*David S. Molod,* for Commonwealth.

SILVERSTEIN, J., April 13, 1972.—Eleanor M. Dutton died on March 30, 1970, leaving a will dated July 11, 1969, and codicil dated January 28, 1970, which were admitted to probate, upon which letters testamentary were granted to the accountant on April 15, 1970. . . .

By her will and codicil, testatrix, after directing the payment of all her just debts and funeral expenses, devised and bequeathed as follows: $5,000 to the Stroudsburg National Bank (now First National Bank of Eastern Pennsylvania) trustee, in trust for the Middle Smithfield Presbyterian Church, for the uses and purposes declared therein; $1,200 each to cousins, John K. Place, Charles Place, Alice Featherman (Mrs. Horton) Place, and Ella Place Phelps, or to their surviving issue, per stirpes; she then gave all the residue of her estate to the charity or charities as shall be selected by Frank F. Truscott.

Alice Featherman Place predeceased testatrix, hav-

ing died on October 26, 1959, survived by one child, Harrison L. Place. Accordingly, the bequest to her will be awarded hereinafter to Harrison L. Place, in accordance with the will.

John K. Place predeceased testatrix, having died on June 25, 1965, survived by four children, John C. Place, Sr., Horton M. Place, H. Pardee Place and Kenneth Place. Accordingly, the bequest of John K. Place will be awarded hereinafter in equal shares to his four children, in accordance with the will.

Frank F. Truscott predeceased testatrix, having died on December 5, 1969. A review of the record fails to reveal any writing left by Mr. Truscott indicating the charities that he intended to select under the terms of the will. Likewise, the record fails to indicate testatrix' preference with respect to charities, after an exhaustive search of her personal effects.

The question thus presented is whether the residue of the estate lapses and should, therefore, go to the next of kin under the intestate law or whether the doctrine of cy pres should be invoked by the court.

The accountant takes the position that the residue should be awarded under the cy pres doctrine to be added to the fund for the benefit of the Middle Smithfield Presbyterian Church.

Notice of this question and the accountant's position in clear detail was given to all next of kin and to the Attorney General of the Commonwealth of Pennsylvania. None has raised an objection.

I am of the opinion that the position of the accountant is well taken. See section 10 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.10, which provides:

"Except as otherwise provided by the conveyor, if the charitable purpose for which an interest shall be conveyed shall be or become indefinite or impossible or

impractical of fulfilment, or if it shall not have been carried out for want of a trustee or because of the failure of a trustee to designate such purpose, the court may, on application of the trustee or of any interested person or of the Attorney General of the Commonwealth, after proof of notice to the Attorney General of the Commonwealth when he is not the petitioner, order an administration or distribution of the estate for a charitable purpose in a manner as nearly as possible to fulfil the intention of the conveyor, whether his charitable intent be general or specific."

The language of the act precisely fits the situation at hand. The terms and provisions of the residuary bequest cannot be carried out because of the failure of the named trustee, Frank F. Truscott, to designate any charities. See Curran's Estate, 310 Pa. 434 (1933).

The doctrine of cy pres is one of approximation. It cannot be approached as if it were in the nature of an exact science. Each case is sui generis and depends upon its own attending circumstances.

In applying the cy pres doctrine, the court exercises its discretion in such a manner as to award the fund to an institution, whose services it believes most nearly approximate the intention of the donor: Women's Homoeopathic Hospital of Philadelphia Case, 393 Pa. 313 (1958); Restatement, Trusts, §399.

In examining the will in its entirety, I conclude that testatrix' intent will be most nearly approximated by an award of the residue to be added to the fund for the benefit of the Middle Smithfield Presbyterian Church. . . .

And now, April 13, 1972, the account is confirmed nisi.